BILANG, APPELLANT, *v.* BENSON, ADMR., ET AL., APPELLEES.

(No. L-77-089—Decided January 13, 1978.)

*Messrs. Wiley & Hayes,* for appellant.
*Messrs. Marshall, Melhorn, Cole, Hummer & Spitzer,* and
*Mr. Jerome R. Parker,* for appellee.

BROWN, J. This is an appeal by plaintiff Ernest Bilang, from a summary judgment of the Lucas County Common Pleas Court in favor of defendant Henry Benson, individually and as administrator of the estate of Raymond M. J. Benson, deceased. The plaintiff had executed a written contract on November 8, 1975, to purchase decedent Raymond Benson's real estate. Defendant Henry Benson, as administrator of the estate, had executed a written contract as the seller.

The portions of the written contract pertinent to this appeal are as follows:

"Purchase Contract
"Toledo, Ohio 43605          11-8-1975

"The undersigned (purchaser) hereby offer and agree to purchase the following described property in Lucas County, to wit: Property known as 841-845 Euclid Ave., Toledo, Ohio at a price of $25,000 and upon the following terms and conditions, to wit:
$100 herewith deposited to apply on the purchase price;
$400 Additional cash to be paid upon acceptance of this purchase contract;

$7500 Additional cash to be paid at date of closing;
$25,000 Total purchase price.

"This offer is made subject to securing a 1st Mtg loan in the amount of $17,000. Also subject to approval of the Lucas County Probate Court.***"

On November 24, 1975, plaintiff made his application to the Toledo Federal Savings and Loan Co. for a mortgage loan in the sum of $17,000. On December 5, 1975, the loan was approved by the bank.

On December 18, 1975, defendant, as administrator of the Raymond Benson estate, filed a complaint in the Lucas County Probate Court seeking authority to sell the foregoing real estate. He also filed a request to sell that real estate signed by all five heirs and their executed waiver of service of summons and consent to sale.

On December 22, 1975, the Probate Court ordered an additional bond, dispensed with a new appraisement, and authorized the administrator to sell the real estate by granting the prayer of the complaint.

On December 31, 1975, the Probate Court authorized the administrator to sell the real estate at a private sale for not less than the appraised value of $22,500 and issued an official order of private sale in accordance therewith.

On June 12, 1976, by a report of sale and affidavit to the report of sale, which included language that "the sale reported was for the highest price that could be obtained," the administrator reported a private sale of the real estate to John H. and Janet M. Knott, and Roland C. and Joanne Benson for $23,500. Two of these buyers, Roland Benson and Janet Knott, were heirs of the estate. These two and Henry Benson, Margaret Davo and Marilyn J. Lau, were the five Benson heirs who inherited the real estate.

The assignment of error attacking the summary judgment in favor of the administrator raises only one legal issue. Did the administrator, Henry Benson, breach his written contract for the sale of the real estate to plaintiff by selling it to the two heirs and their spouses? The answer to this issue is "No." Such answer and the reasons for it which follow require an affirmance of the summary judgment.

First, one condition precedent in the contract required the administrator to consummate the sale "subject to approval of

the Lucas County Probate Court." It is undisputed that defendant administrator never obtained such approval for a sale to plaintiff. Therefore, the administrator was never obligated to sell the realty to plaintiff.

Secondly, at the time the defendant, as administrator, executed the written contract to sell decedent's realty on November 8, 1975, he was without legal authority to make a binding contract obligating the heirs to sell such real estate for the reason that the heirs had not yet given their written consent to such sale pursuant to R. C. 2127.04 and R. C. 2127.011.* 22 Ohio Jurisprudence 2d. 759, 773, 778, Executors and Administrators, Sections 394, 407, 414.

Plaintiff calls attention to the fact that the sale in the sum of $23,500 to the buyers was less than the $25,000 which plaintiff had agreed by contract to pay, and that such sale for $23,500 made defendant's affidavit to the report of sale filed in Probate Court false when it recited that such sale was for the highest price that could be obtained. These facts are not at issue between the plaintiff and the defendants. Plaintiff has no standing to raise this issue. Only the Benson heirs, or any one of them, have a right to complain about a sale for less than the highest price obtainable.

The judgment of the Common Pleas Court is, therefore, affirmed.

*Judgment affirmed.*

POTTER, P. J., and CONNORS, J., concur.

* "2127.04 Action commenced with consent or upon demand of beneficiaries.

"With the consent of all persons entitled to share in an estate upon distribution, the***administrator***may, and upon the request of such persons shall, commence an action in the probate court for authority to sell any part or all of the decedent's real estate, even though not required to be sold to pay debts or legacies.***"

"2127.011 [Conditions for disposal of real estate.]

"(A) In addition to the other methods provided by law or in the will and unless expressly prohibited by the will, an***administrator may sell at public or private sale, grant options to sell, exchange, re-exchange, or otherwise dispose of any parcel of real estate belonging to the estate at any time at prices and upon terms as are consistent with this section and may execute and deliver deeds and other instruments of conveyance if all the following conditions are met:

"(1) The surviving spouse, all of the legatees and devisees in the case of testacy, and all the heirs in the case of intestacy, give written consent to a power of sale for a particular parcel of real estate or to a power of sale for all the real estate belonging to the estate. Each consent to a power of sale provided for in this section shall be filed in the probate court.***"